McFarland, J.,
delivered the opinion of the court.
Under the act of 1873, ch. 118, Trim, the tax collector of Tipton county, made his report of lands sold for taxes, and moved the confirmation thereof in accordance with said act. The court refused the motion upon the ground that the descriptions of the lands were too vague and uncertain. The following is a description of one tract, and it is agreed that the others, two hundred tracts, were described in the same manner.
CIVIL DISTRICT NO. 1.
“Austin, Amanda, heirs, 300 acres of land in Civil District No. 1, bounded north by Townsend, south by E. S. Yarboro, east by Hill and Barrett, and west by Winn, valued,” etc.
These laws should be construed so as to carry into- effect the object of the legislature, which was the prompt collection of the revenue, and at the same time a protection of the taxpayer.
The confirmation does not finally lose the owner his land; his rights are fully protected by other provisions.
We think the description sufficient, at least not so de *658 feotive as to authorize the courts to declare the entire sales void. This course would greatly hinder and embarrass the collection'of the public revenue.
The action of the circuit court will be reversed, and the cause remanded with directions that the report be entered and confirmed in accordance with the statute.
The costs of this court will have to be paid out of the state treasury.
We refer to the accompanying brief of the attorney general, as giving a general view of the provisions of the statute, its policy and objects.
brief by attorney general.
Trim, Tax Collector ex parte. — The old system of tax salc-s was subject to the capital objection that it gave no option to the courts but to deny to the state the taxes on the land sold, or the purchaser the return of his money; or to take from the taxpayer his inheritance or the whole estate in the land sold.
'Fhe harshness of this provision resulted in the courts refusing to enforce the harsh forfeiture, wherever they could find an excuse even plausible.
Put the act of 1873, ch. 118, secs. 59-72, adopts a middle course, and leaves the courts to "administer these tax sales so as to make them an instrument for the collection of the taxes, but does not require them to abate their -strictness in regard to the validity of the tax sales if in extreme ease's the taxpayer is driven to attack the sale. It merely re-enacts a law of 1846 on this point. It provides for a confirmation of the sale and an immediate writ of possession to the purchaser, then allows redemption for two years. The party then has time after the possession taken to redeem,- and then has the right after the redemption has expired to bring ejectment and to attack the validity of the sale, but he is to pay the taxes then, before he gets a writ of possession. Sec. 59.
The legislature evidently contemplated that the courts *659 would construe favorably the proceeding for the possession, as that is not final, but subject to attack after the redemption is out.
Of course, they would not have given the opportunity of a final attack on the sale in ejectment, unless upon the idea that all defenses should be made on this proceeding. The courts can, upon that proceeding, protect the unfortunate taxpayer by adhering to the old strictness in regard to the sale.
This system thus construed promises to be effective, if the courts will give it a fairly liberal construction. While it softens the rigor of the old law, it allows no question in the first instance'. So mild a remedy as mere taking possession in a proceeding not conclusive, is not to be subjected to the rigid rules which have been heretofore applied to the sale as a loss of the estate, and which may yet be applied when that dire alternative is presented.
It is evident that the efficacy of this system has been much impaired by the act of 1875, which delays the possession until the redemption runs out, and gives two years to redeem. Under this statute of 1873, the taking of possession is essential to the protection of the taxpayer whose land was sold. The fact of a party finding his land in the possession of another is such a one as must inevitably bring home notice to him, and if this possession be taken during the time allowed for redemption, it gives him a fair opportunity and precludes any fraudulent advantage, while delay to tak$*possession may operate to the prejudice of 'the taxpayer, by leaving him in ignorance and fancied security.
It may well be doubted whether the delay of two years, and until the redemption expires, is not impolitic, unjust, and even cruel to the taxpayer, while it is equally unjust to others who have paid their taxfes promptly. Taxes to be equal must be collected equally — that is, at the same time, as well as assessed equally.
*660 In another view the rule of the court below will operate very hardly. The tax collector depends for his credit upon tire confirmation. Code, 648-660. A very strict rule will defeat his claim, at the same time it defeats the collection of the revenue. If the sale is held void, no provision is made for any other sale or process to collect.
The description is perfect. It may as well be said that the precise courses, distances, and calls may be found duplicated in a given civil district, as that two tracts of the same owner may be found surrounded on four sides by the same people in the same relative positions. Each is possible, both are most improbable to such an extent as to be practically impossible. ,
Yet I desire very much that the court will commend to the inferior courts a liberal practice to reach the substantial 'benefits that this act was intended to reach.